# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 10, 2011

No. 10-50965
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERICK RICARDO BONILLA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:10-CR-111-1

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Erick Ricardo Bonilla was convicted of illegal reentry, in violation of 8 U.S.C. § 1326, and was sentenced to 14 months of imprisonment. He argues that the evidence was insufficient to support his conviction, specifically urging that the Government failed to prove he intended to violate the law because, as a member of the Lipan Apache tribe, he believed he was permitted to enter the United States legally.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-50965

In determining whether there is sufficient evidence to sustain a conviction, the relevant question is "whether the finding of guilt is supported by substantial evidence, i.e., evidence sufficient to justify the trial judge, as the trier of fact, in concluding beyond reasonable doubt that the defendant is guilty." *United States v. Turner*, 319 F.3d 716, 720 (5th Cir. 2003) (internal citation and quotation marks omitted). Bonilla's belief that he was in the country legally based on his membership in the Lipan Apache tribe lacks merit because illegal reentry is not a specific-intent crime. *See United States v. Ortegon-Uvalde*, 179 F.3d 956, 969 (5th Cir. 1999); *United States v. Trevino-Martinez*, 85 F.3d 65, 68-69 (5th Cir. 1996). The Government is required to prove only that Bonilla had the general intent to reenter the United States. *See United States v. Berrios-Centeno*, 250 F.3d 294, 298 (5th Cir. 2001). His intent is sufficiently demonstrated by the fact that he was previously removed and later found in the United States. *Id.* at 299. The conviction is thus supported by substantial evidence. *See Turner*, 319 F.3d at 720.

Bonilla has additionally noted a clerical error in the judgment. The judgment improperly states that he was convicted following a "jury verdict," when his conviction followed a bench trial. Accordingly, the judgment is REMANDED for the sole purpose of correcting the clerical error. *See* FED. R. CRIM. P. 36. The judgment is otherwise AFFIRMED.